Erik LeRoy, P.C.
500 L St., Ste 302
Anchorage, Alaska 99501
(907) 277-2006
Attorney for Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| AURORA GAS LLC | : | Case No. 16-00130 |
| | : | |
| Debtor. | : | |
| | : | |
| KENNETH W. BATTLEY, TRUSTEE | : | |
| | : | |
| Plaintiff | : | Adv Case No. 18-900 |
| vs. | : | |
| | : | |
| FURIE OPERATING ALASKA, LLC & | : | |
| CORNUCOPIA OIL & GAS COMPANY LLC | : | |
| | : | |
| Defendants | : | |
| | : | |

**COMPLAINT FOR AVOIDANCE AND RECOVERY OF PAYMENTS**

(Bankruptcy Code §§ 549 and 550)

Plaintiff, for its cause of action in this matter, hereby alleges as follows:

**I. BACKGROUND**

1. On May 3, 2016 at 10:54 am ( "Petition Date"), three of Aurora Gas, LLC's creditors filed an involuntary petition for relief against Aurora Gas, LLC (Debtor) under Chapter 11 of the U.S. Bankruptcy Code in the Bankruptcy Court for the District of Alaska. The Court signed its Order for Relief in the involuntary case on June 14, 2016 and that Order was docketed June 15, 2016 at DE 17.

1.2.	The chapter 11 was converted to chapter 7 on February 5, 2018 at DE 375 and on February 6, 2018, Kenneth W. Battley was appointed as chapter 7 bankruptcy trustee (Trustee or Plaintiff).

1.3	Furie Operating Alaska, LLC and or Cornucopia Oil & Gas Company, LLC (Defendant) provided material and or services to the Debtor and received payments from the Debtor for material or services.

## II. JURISDICTION AND VENUE

2.1	The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157(a) & (b) including, but not limited to, subsections (b)(2)(A), (B), (C), (E) and (O), 28 U.S.C. § 1334, and 11 U.S.C. §§ 549, 550, and other applicable law.

2.2	Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a) & (b).

2.3	This adversary is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure seeking to avoid transfers after the filing of the petition on May 3, 2016 before the entry of the order for relief on June 14, 2016 and (3) recover such transfers under 11 U.S.C. §550.

## III. CLAIMS FOR RELIEF

### A. POST-PETITION TRANSFERS (§549, 550)

3.1.	Plaintiff re-states and re-alleges, as if fully set forth herein, the allegations contained in the preceding paragraphs in this Complaint.

3.2	After the filing of the petition in this case at 10:45 am on May 3, 2016, Debtor transferred to Defendant property in the form of one or more payments (Post-petition Transfer) described in the Table 3.2 below:

Table 3.2

| Date | Check No. | Amount | Invoice Number |
|------|-----------|--------|----------------|
| 6/6/16 | wire | 22,800 | AG201604 |

    3.3    Each Post-petition Transfer constituted a transfer of an interest in property of the Debtor after the May 3, 2016 commencement of the case.

    3.4    Each Post-petition Transfer was not authorized under the Bankruptcy Code or an order of the Bankruptcy Court.

    3.5    Each Post-petition Transfer was not given by the Debtor to Defendant in exchange property or services provided by Defendant after the May 3, 2016 commencement of the case.

## IV REQUEST FOR RELIEF

Plaintiff requests entry of judgment against Defendant as follows:

A.    Declaring each Post-petition Transfer to be avoided under section 549 of the Bankruptcy Code;

B.    Awarding Plaintiff judgment against the Defendant in the amount of the sum of the Post-petition Transfers and directing Defendant to immediately repay to Plaintiff the total of such amounts;

C.    Awarding Plaintiff its attorney fees, costs and other expenses incurred in this action; and

D.    Granting Plaintiff such other and further relief as the Court deems just and proper.

Erik LeRoy, P.C.
Attorney for Chapter 7 Trustee
Kenneth Battley

/s/ Erik LeRoy